UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TONY BROWN | No. 3:14-cv-147 (SRU) |

## RULING

On January 15, 2016, I held a pretrial conference with Robert Spector and Gabriel Vidoni, counsel for the government, and Diane Polan, counsel for the defendant, Tony Brown. The purpose of the conference was to discuss my trial procedures and address the motions in limine that the parties have filed. During the conference, I gave counsel the opportunity to conduct an oral argument regarding their respective pending motions (docs. # 148, 149, 157, 160, 162).

As set forth in more detail on the record, I have considered the parties respective motions and rule as follows:

(1) Brown's motion for a hearing on the admissibility of audio and videotape evidence (doc. # 148) is denied without prejudice. The parties have come to a preliminary agreement on Attorney Polan's proposed redactions and are free to raise the issue again in another motion should the parties fail to agree on the final redactions.

(2) Brown's motion to strike his alleged alias from the indictment and preclude reference to the alias at trial (doc. # 149) is denied as moot. The parties agree that Brown's alleged alias need not be stricken from the indictment because I do not intend to show the jury the indictment. Furthermore, the parties agree that the admissibility of the

alias rises and falls with the other pending motions in limine. Accordingly, I denied the instant motion (doc. # 149) as moot.

(3) The government's motion regarding the admissibility of the alleged October 2013 narcotics transaction between Brown and Perry Flowers, as observed by the government's witness ("CW") (doc. #157) is denied in light of my ruling on Brown's cross motion (doc. # 160).

(4) Brown's motion to preclude reference to an alleged drug transaction that occurred in October 2013 and any reference to potential future drug transactions not charged in the indictment (doc. # 160) is granted.

Brown's motion (doc. # 160) seeks to preclude reference to other instances in which he was allegedly involved in a drug transaction. In support of this, Brown argues that any attempt to use evidence of other drug transactions would violate Federal Rule of Evidence 404(b)'s prohibition on the use of other bad acts ("404(b) evidence") to prove a defendant's bad character. *See* Fed. R. Evid. 404(b). The government responds by arguing that (1) evidence of the October 2013 transaction and statements regarding potential future transactions are not considered 404(b) evidence because both are "inextricably intertwined" with the charged conduct; and (2) even if considered 404(b) evidence, it would be admissible to prove Brown's knowledge of his participation in a drug transaction, his identity, or his absence of mistake. Doc. # 157 at 7-8.

The Second Circuit has provided the standard for considering uncharged evidence outside the scope of 404(b):

> [E]vidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial.

*United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000).

As stated in further detail on the record, the government has failed to establish that the alleged October 2013 drug transaction is "inextricably intertwined with evidence regarding the charged offense." *Id.* Nor is it "necessary to complete the story of the crime on trial." *Id.*

The alleged events in October 2013 and the potential future transactions in New London provide context to the charged conduct only insofar as they show that Flowers and Brown have an existing drug distribution relationship. Because a conspiracy is not charged, those facts are not relevant to, nor necessary to prove, the charged conduct. Moreover, in spite of the government's attempt to argue the contrary, there is no need to admit evidence of the October 2013 transaction in order to complete the story of the allegations in the indictment.

Rather, evidence of the October 2013 transaction is being used for the sole purpose of establishing that, if Brown sold crack cocaine to Flowers in October 2013, it is more likely that he did so again on November 4, 2013, and again on December 18, 2013. That is the precise inference that is prohibited by Rule 404(b).

The government contends that evidence of the October 2013 transaction is necessary to give context to the discussion between CW and Flowers regarding the fact that CW had been to Brown's residence on a prior occasion. The government also asserts that the prior transaction is necessary to establish CW's familiarity with Brown.

Brown does not contend, nor do I rule, that the government is precluded from eliciting evidence from CW that he had been to Brown's alleged residence on one occasion before, and that he had an opportunity to view Brown on that prior date. What the government cannot do is elicit evidence that a drug transaction allegedly occurred on that prior date.

3

The same is true for any evidence regarding alleged potential future drug transactions that were discussed between Flowers and CW.  Such evidence is impermissible 404(b) evidence aimed at establishing that Brown is a drug dealer, therefore he is likely to have sold drugs on the alleged dates.  For those reasons, Brown's motion to preclude (doc. # 160) is granted.

If, on cross-examination, Brown challenges CW's ability to correctly identify Brown as the man present on November 4, 2013 and December 18, 2013, the government might be able to elicit evidence of the October 2013 transaction for a proper purpose, such as to establish CW's ability to identify Brown.  However, that issue is not before me in the present motion.  The government fails to establish a proper purpose for the admissibility of any uncharged drug transaction in its case-in-chief.

(5)  The government's motion regarding the admissibility of coconspirator statements (doc. # 162) is denied.

The parties do not dispute that Flowers is not expected to testify at trial and that his statements are being used to establish the truth of the matter asserted.  Accordingly, the statements are inadmissible unless they fall within a hearsay exception or exclusion.

The government seeks to admit Flowers' statements under Rule 801(d)(2)(E) (statements "made by the party's coconspirator during and in furtherance of the conspiracy").  The government contends that it is able to establish a conspiracy between Brown and Flowers notwithstanding the fact that a conspiracy was not charged.  Furthermore, the government represents that Flowers' statements to CW were made in furtherance of the alleged conspiracy.

A conspiracy need not be charged in order for the government to take advantage of the Rule 801(d)(2)(E) hearsay exception.  *See United States v. Geddes*, No. 3:14-cr-228 (JBA), 2015 WL 1530800, at *8 (D. Conn. Apr. 6, 2015) (citing *United States v. Gigante,* 166 F.3d 75, 82 (2d

Cir.1999)).  Nevertheless, the government must prove "by a preponderance of the evidence that the defendant and declarant were both members of [the] uncharged conspiracy." *Id.*

As stated on the record, whether Flowers and Brown were members of a conspiracy turns on whether the government can establish that their relationship went beyond a buyer-seller relationship.  *See United States v. Hawkins*, 547 F.3d 66, 72 (2d Cir. 2008).  A buyer-seller relationship will ripen into a conspiracy only when "sellers shared with the buyers an interest and a stake in buyers' intention to resell the drugs, and [] buyers shared with their sellers an intention to be a continuing part of, and to further, the sellers' drug selling operation." *United States v. Parker*, 554 F.3d 230, 238 (2d Cir. 2009).

"Evidence that a buyer intends to resell the product instead of personally consuming it does not necessarily establish that the buyer has joined the seller's distribution conspiracy. This is so even if the seller is aware of the buyer's intent to resell." *United States v. Hawkins*, 547 F.3d 66, 74 (2d Cir. 2008).  In order to establish a conspiracy, the government must establish more than "mere knowledge of the purpose of a conspiracy." *Id.*

Although the Second Circuit has not stated exactly what "more" the government needs to show, it has listed factors relevant to that determination:

    (1) "prolonged cooperation between the parties"
    (2) "a level of mutual trust"
    (3) "standardized dealings"
    (4) "sales on credit"
    (5) "quantity of drugs involved"

*Hawkins*, 547 F.3d at 74.

On the record, I went through these five factors and determined that the government had failed to establish the existence of any of them.  Most notably, there were no allegations of Brown ever selling Flowers drugs "on credit," which would be strong evidence of a conspiracy

to distribute.  Additionally, the quantity involved (two, maybe four "eight-balls") is not so large as to be obviously destined for resale.  *Hawkins*, 547 F.3d at 77; *cf. United States v. Medina*, 944 F.2d 60, 65 (2d Cir. 1991) (count found amount of two to three kilograms to meet threshold of "destined for resale").  Taken together, all of the facts provided to me by the government were insufficient to show something more than a buyer-seller relationship between Flowers and Brown.  Accordingly, unless the government comes forward with additional probative evidence, it may not admit Flowers' hearsay statements under the Rule 801(d)(2)(E) exception to the hearsay rule.[1]  The government's motion (doc. # 162) is denied.

     So ordered.

Dated at Bridgeport, Connecticut, this 16th day of January 2016.

                                     /s/ STEFAN R. UNDERHILL
                                     Stefan R. Underhill
                                     United States District Judge

---

[1] Citing *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969), the government asks that I conditionally admit hearsay evidence before making a Rule 801(d)(2)(E) ruling.  It could not however proffer more than the evidence discussed in this decision, which I conclude is inconsistent to prove the existence of the claimed conspiracy.  That request is denied because it would be a waste of time to conduct a trial destined to end in a mistrial.